UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DERWIN ALLISON, MICHAEL JOHNSON, and
GEORGE SCHIESS on behalf of themselves and on behalf
of all others similarly situated,

                Plaintiffs,

      v.

KONICA MINOLTA BUSINESS SOLUTIONS U.S.A.,
INC.

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 1:11-cv-04192 (PGG)

ANSWER

     Defendant Konica Minolta Business Solutions U.S.A., Inc. ("KMBS") answers Plaintiffs' Original Class Action Complaint ("Complaint") as follows:

## SUMMARY

     1.    Paragraph 1 contains a summary of this action, as to which no response is required; but to the extent a response is deemed required, it is denied.  KMBS further denies that it acted unlawfully toward Plaintiffs or any member of the putative class.

## JURISDICTION AND VENUE

     2.    KMBS admits that Plaintiffs seek to invoke the jurisdiction of this Court under 28 U.S.C. 1332(d), the Class Action Fairness Act, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

     3.    KMBS admits that the putative class defined by Plaintiffs includes in excess of 100 individuals.

     4.    KMBS admits that at least one putative plaintiff is a resident of a state that is different than the state of residence of KMBS.

5. KMBS admits that Plaintiffs purport to bring an action in which the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5..

6. KMBS admits that Plaintiffs seek to have venue laid in this District.

PARTIES AND PERSONAL JURISDICTION

7. KMBS admits that Plaintiff Derwin Allison was a KMBS employee during some period within the last three years, but denies knowledge or information sufficient to form a belief as to his place of residence.

8. KMBS admits that Plaintiff Michael Johnson was a KMBS employee within the last three years, but denies knowledge or information sufficient to form a belief as to his place of residence.

9. KMBS admits that Plaintiff George Schiess was a KMBS employee within the last three years, but denies knowledge or information sufficient to form a belief as to his place of residence.

10. The allegations in paragraph 10 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied.

11. The allegations in paragraph 11 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied.

12. KMBS admits the allegations in paragraph 12 of the Complaint.

FACTS

13. KMBS admits the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are too vague and ambiguous for KMBS to either admit or deny, except KMBS admits that Customer Imaging Technician was a title it used during the relevant time period.

15. KMBS denies the allegations in paragraph 15 of the Complaint and states that it pays its employees in compliance with all applicable laws.

16. KMBS denies the allegations in paragraph 16 of the Complaint.

17. KMBS denies the allegations in paragraph 17 of the Complaint

18. KMBS denies the allegations in paragraph 18 of the Complaint.

19. KMBS denies the allegations in paragraph 19 of the Complaint.

20. KMBS denies the allegations in paragraph 20 of the Complaint.

21. KMBS denies the allegations in paragraph 21 of the Complaint.

22. KMBS denies the allegations in paragraph 22 of the Complaint.

23. KMBS denies the allegations in paragraph 23 of the Complaint.

24. KMBS denies the allegations in paragraph 24 of the Complaint.

25. KMBS denies the allegations in paragraph 25 of the Complaint.

## CLASS ACTION ALLEGATIONS

26. Paragraph 26 contains a summary of allegations to which no response is required; but to the extent a response is deemed required, it is denied; and KMBS further states that class certification is not warranted.

27. KMBS denies the allegations in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied. KMBS further states that the class definitions set forth in Plaintiffs' Complaint are too vague and ambiguous to allow KMBS to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore, a response is not warranted.

29. KMBS denies the allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied.

31. The allegations in paragraph 31 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied.

32. The allegations in paragraph 32 of the Complaint call for legal conclusions to which no response is required; but to the extent a response is deemed required, it is denied.

## CAUSES OF ACTION

### COUNT I
### Violation of the NYLL "Agreed Rate" Provision
### (Class Action)

33. KMBS reasserts its responses to the allegations in Paragraphs 1 through 32 above as if fully set forth herein.

34. KMBS denies the allegations in paragraph 34 of the Complaint.

35. KMBS denies the allegations in paragraph 35 of the Complaint.

36. KMBS denies that Plaintiffs or any members of the putative class Plaintiffs seek to represent are entitled to damages or any of the relief sought in paragraph 36 of the Complaint. KMBS lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 36 of the Complaint.

### COUNT II
### Violation of the New York Minimum Wage Law - Overtime
### (Class Action)

37. KMBS reasserts its responses to the allegations in Paragraphs 1 through 36 above as if fully set forth herein.

38. KMBS denies the allegations in paragraph 38 of the Complaint.

39. KMBS denies the allegations in paragraph 39 of the Complaint.

40.     KMBS denies that Plaintiffs or any members of the putative class Plaintiffs seek to represent are entitled to damages or any of the relief sought in paragraph 40 of the Complaint. KMBS lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 40 of the Complaint.

## JURY DEMAND

41.     KMBS denies that Plaintiffs are entitled to a trial by jury to the extent that the laws under which Plaintiffs seek to pursue their claims do not permit such trial by jury.

## PRAYER

42.     KMBS denies that Plaintiffs are entitled to any of the relief sought in the PRAYER clause, or otherwise.

Unless and to the extent expressly admitted herein, KMBS denies any and all allegations in the Complaint.

## DEFENSES

KMBS asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

## FIRST DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent, or to whom they are purportedly similarly situated.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

## THIRD DEFENSE

KMBS neither suffered nor permitted Plaintiffs to perform any compensable work without proper compensation.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under applicable law.

## FIFTH DEFENSE

Plaintiffs' claims are barred to the extent they claim hours worked that they had an opportunity to report, but failed to do so.

## SIXTH DEFENSE

Plaintiffs and/or the putative class members have received full payment for all compensable work performed thereby barring Plaintiffs' and/or the purported class members' claims.

## SEVENTH DEFENSE

To the extent that Plaintiffs claim they are entitled to unpaid overtime compensation under the New York Labor Law, those claims are preempted by the Fair Labor Standards Act.

## EIGHTH DEFENSE

KMBS at all times, in all manners, acted in accordance with any and all duties and obligations under the New York Labor Law and its regulations.

## NINTH DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a class action.

## TENTH DEFENSE

Plaintiff and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under Rule 23 of the Federal Rules of Civil Procedure.

ELEVENTH DEFENSE

Plaintiffs and the putative class members are barred from maintaining duplicative claims against KMBS in multiple forums.

TWELFTH DEFENSE

KMBS states, in the alternative if necessary, that if, in fact, it has failed to pay any nonexempt employee for any compensable, the uncompensated time is *de minimis*.

THIRTEENTH DEFENSE

KMBS states, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the New York Labor Law, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

FOURTEENTH DEFENSE

KMBS states, in the alternative if necessary, that its actions with respect to Plaintiffs and any purportedly similarly situated worker and/or putative class members, were taken in good faith in conformity with and in reliance on one or more written administrative regulation, order, ruling approval, interpretation, and/or administrative practice or policy pursuant to the New York Labor Law.

WHEREFORE, KMBS prays that the Court enter a judgment:

1. dismissing the Complaint with prejudice;
2. granting to KMBS its costs, including attorneys' fees, incurred in this action; and
3. granting to KMBS such other and further relief as the Court may deem just and proper.

Dated: August 10, 2011

        KONICA MINOLTA BUSINESS SOLUTIONS
        U.S.A., INC.


By:   s/ Loren Gesinsky
       Loren Gesinsky

Loren Gesinsky
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd floor
New York, New York 10018
lgesinsky@seyfarth.com
(212) 218-5500

Timothy M. Watson
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002-2797
twatson@seyfarth.com
(713) 860-0065
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2011, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

                                                 s/ Loren Gesinsky  
                                                 Loren Gesinsky